UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH DAVIS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CIVIL ACTION NO. 1:25-cv-184 |
| MARTIN RESOURCE MANAGEMENT CORPORATION AND MARTIN TRANSPORT, INC., | § § § § § | |
| DEFENDANTS | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joseph Davis ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs"), brings this Fair Labor Standards Act ("FLSA") suit against Defendants Martin Resource Management Corporation and Martin Transport, Inc. ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I.  NATURE OF SUIT

1. Defendants have violated the FLSA by misclassifying their dispatchers as exempt from the overtime requirements of the FLSA.  Defendants' dispatchers, including Named Plaintiff, work more than forty hours per week but are not paid overtime premiums.  Because other putative plaintiffs are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff seeks to provide notice of this matter to all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

## II.  PARTIES

2. Named Plaintiff Joseph Davis is an individual residing in Texas.  His notice of consent is attached as Exhibit A.

3. At all relevant times, Davis was an "employee" of Defendants as defined by the FLSA.

4. At all relevant times, Defendants were Davis's "employer" as defined by the FLSA.

5. Plaintiffs are Defendants' current and former dispatchers who were paid a salary and who were not paid overtime premiums.

6. Defendant Martin Resource Management Corporation is a domestic corporation formed and existing under the laws of the State of Texas.

7.  Defendant Martin Resource Management Corporation was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

8. Defendant Martin Resource Management Corporation may be served by serving its registered agent for service of process, Chris Booth, at 4200 B Stone Road, Kilgore, Texas 75662.

9. Defendant Martin Transport, Inc. is a domestic corporation formed and existing under the laws of the State of Texas.

10.  Defendant Martin Transport, Inc. was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

11. Defendant Martin Transport, Inc. may be served by serving its registered agent for service of process, Chris Booth, at 4200 Stone Road, Kilgore, Texas 75662.

## III.  JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law.  Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  Therefore, this Court has subject

matter jurisdiction under 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

13. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas, have entered into relationships with Named Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

14. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located in and do business in this Division.  Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this District and Division.   Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV.  COVERAGE UNDER THE FLSA

15. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

16. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made

or business done of not less than $500,000 each (exclusive of excise taxes at the retail level which is separately stated).

19. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones and computers, that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

20. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

21. Defendants specialize in, among other things, transporting, marketing, managing logistics, and storing hydrocarbon products and their derivatives.  Their transportation operations include a network of terminals located throughout the southeastern and south-central United States.

22. To manage the movement of these products, Defendants employ dispatchers who help coordinate transportation schedules for pickups and deliveries.

23. Named Plaintiff was a dispatcher from February 2022 through March 2025.  Throughout his employment with Defendant, Named Plaintiff consistently worked more than forty hours per workweek.

24. Named Plaintiff was paid a salary.  Named Plaintiff was not paid any additional compensation for hours worked in excess of forty in a workweek.

25. The Class Members were also paid a salary and were not paid any additional compensation for hours worked in excess of forty in a workweek.

26. At all times relevant to this action, the Plaintiffs' primary job duty was not the performance of work directly related to Defendants' management or general business operations or those of their customers.

27. At all times relevant to this action, the Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

28. The Plaintiffs did not have the authority to hire or fire other employees, and any suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

29. Rather, the daily and weekly activities of the Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants.

30. Virtually every job function was predetermined by Defendant, including the schedule of work and related work duties. The Plaintiffs were prohibited from varying their job duties outside of these predetermined parameters.

31. Although they worked long hours, Plaintiffs were misclassified or otherwise treated as exempt under the Fair Labor Standards Act. Defendants required the Plaintiffs to work the long hours described above and thus knew that Named Plaintiff and Class Members regularly worked in excess of 40 hours per workweek.

32. Nonetheless, Defendants failed and refused to compensate the Named Plaintiff and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

33. Defendants have employed and are employing other individuals as dispatchers who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, have been misclassified as "exempt" employees,

have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

34. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

35. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another.  Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty in a workweek.  Thus, the Class Members are owed one and one-half their regular hourly rate for all hours worked over forty in a week without regard to their individualized circumstances.

36. Defendants have a policy or practice of not paying their dispatchers overtime premiums.  This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Class Members.  Accordingly, the "Class Members" are properly defined as:

> **All current and former dispatchers of Defendants in Texas who were paid a salary and who were not paid overtime premiums.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or

in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

38. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members

## VIII.  JURY DEMAND

39. Plaintiffs demand a jury trial.

## IX. PRAYER FOR RELIEF

Plaintiffs pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants Martin Resource Management Corporation and Martin Transport, Inc., jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    b.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

WELMAKER LAW, PLLC

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**